UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DEWAYNE ROY WILSON,

               Petitioner,

v.                                         9:14-CV-1511
                                         (GLS/TWD)

CHRISTOPHER MILLER,

               Respondent.

---

APPEARANCES:                                   OF COUNSEL:

DEWAYNE ROY WILSON
07731-084
Petitioner, pro se
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

HON. RICHARD HARTUNIAN             CHARLES E. ROBERTS
United States Attorney                      Assistant United States Attorney
Attorney for Respondent
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198

GARY L. SHARPE
Senior United States District Judge

## ORDER

Petitioner Dewayne Roy Wilson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 in which he argues that the Bureau of Prisons (BOP) failed to properly calculate his sentence by giving him credit for 102 days of prior custody. *See* Dkt. No. 1, Petition. The respondent answered the petition, and petitioner filed a reply. Dkt. No. 6, Response to Petition for a Writ of Habeas Corpus, Dkt. Nos. 6-1 through 6-3, Exhibits; Dkt.

No. 7, Memorandum of Law in Support of Petitioner's Application for Relief Pursuant to 28 U.S.C. §2241; Dkt. No. 7-1 through 7-3, Exhibits.

Petitioner has now filed a document captioned "Motion for Preliminary Injunction Pursuant to Fed. R. Civ. P. 65(a)." Dkt. No. 19 at 1-6.[1] He also filed a supporting affidavit and exhibits. Dkt. No. 19 at 7-9, "Affidavit of DeWayne Roy Wilson In Support of His Motion for Preliminary Injunction Pursuant to Fed. R. Civ. P. 65(a);" 10-16, Exhibits. In the motion, petitioner argues that prison officials violated his First Amendment and due process rights by interfering with his ability to pursue administrative remedies. Dkt. No. 19 at 4-6. He seeks a "preliminary injunction" against Warden Breckon and other prison officials to stop them from "violating" his right to use the grievance process, and from retaliating against him for attempting to pursue administrative remedies. *See* Dkt. No. 19, Motion at 2-3. Petitioner also states that counselor "Gilbert hindered the adequate processing of outgoing certified mail to the U.S. Court of Appeals." *Id.* at 5. He claims his "Writ of Mandamus" was dismissed as a result of Gilbert's actions, constituting a denial of access to the courts. *Id.*

In his affidavit, petitioner explains that on or about August 23, 2016, he was placed in "the S.H.U." based on his "custody level points." Dkt. No. 19 at 7. He filed an administrative remedy on or about August 25, 2016, in which he complained about the involvement of Officers T. Caron and C. Hogg in the "loss of property and destruction of religious items[.]" *Id.* He claims that the Administrative Remedy Coordinator did not receive his papers until November 15, 2016, and rejected them as untimely "when this was not the case," because "prison officials had failed to process [his] Administrative Remedies to deter [his] complaints."

---

[1] The cited page numbers refer to those generated by the Court's electronic filing system (ECF).

*Id.* at 8.  Petitioner further claims he was released from S.H.U. on August 25, 2016, but lost his job as a form of retaliation for filing administrative remedies.  *Id.*  He also states another inmate advised him officers were angry with him, and he should "stop writing officers up."  *Id.* at 9.  On or about November 17, 2016, petitioner states Unit Manager Bolt told him, "I know you like to write a lot, and my advise to you is to make sure you are right about your claims."  *Id.* at 9.  He claims he is "concerned about any plans" Bolt "may have in the future and [he] brought this to the attention of the psychology staff."  *Id.*

Petitioner's request for a preliminary injunction is denied.  Injunctive relief is an "extraordinary and drastic remedy" that should not be granted as a routine matter.  *Munaf v. Green*, 553 U.S. 674, 689-90 (2008) (citation omitted).  A party seeking injunctive relief must ordinarily show "(1) irreparable harm; and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair grounds for litigation and a balance of hardships tipping decidedly in the movant's favor."  *Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009) (quoting *Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577, 580 (2d Cir. 1989)); *see Munaf,* 553 U.S. at 690 ("a party seeking a preliminary injunction must demonstrate, among other things, 'a likelihood of success on the merits.'") (quoting *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 428 (2006)) (further citations omitted).

Injunctive relief does not sound in habeas corpus because the only relief available in a habeas corpus action is release from custody.  *See, e.g.*, *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core

3

[of habeas relief] and may be brought pursuant to §1983 in the first instance."). In any event, most the claims raised in petitioner's motion and affidavit, and the relief he seeks, are not related to the claims in his amended habeas petition in which he challenges the BOP's calculation of his sentence. *Rivers v. Costello,* No. 9:08-CV-0107 (TJM/RFT), 2009 WL 1707119 at *2 (N.D.N.Y. Jun. 17, 2009); *Chavis v. Ryan*, No. 9:05-CV-0100 (FJS), 2007 WL 446440 at *1-2 (N.D.N.Y. Feb. 7, 2007). The one exception is his argument that Counselor Gilbert did not adequately process his mail, and that as a result, a writ of mandamus he sent to the Second Circuit Court of Appeals was dismissed. Dkt. No. 19 at 5. The Court notes that the writ of mandamus was not dismissed without adjudication by the Second Circuit. On December 7, 2016, the Second Circuit issued a Mandate in which the court denied petitioner's writ of mandamus without prejudice to renewal if the "district court fails to take action" on his pending habeas petition "within six months." Dkt. No. 18, Mandate.

Further, except in limited circumstances that are not relevant here, a court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65(d); *Chavis,* 2007 WL 446440 at *2. With the exception of Warden Breckon, petitioner requests an order enjoining prison officials from interfering with his attempts to file grievances pending resolution of his habeas petition. Dkt. No. 19 at 1-7. But most of the people he names are not parties to the underlying habeas proceeding. Thus, this Court may not issue an injunction in this action with respect to any actions of those parties. *See Ariola v. LaClair*, No. 9:07-CV-0057 (GLS), 2007 WL 1026365 at *1 (N.D.N.Y. Apr. 2, 2007) (denying motion for a preliminary injunction against the New York State Division of Parole because the relief sought was unrelated to the grounds set forth in the habeas petition, and the Division of

4

Parole was not a party to the habeas action). Petitioner also has not shown irreparable harm, as he must in order to obtain an injunction. *Lynch*, 589 F.3d at 98.

Finally, claims related to conditions of confinement, including access to mail, use of the administrative grievance process and retaliation claims, are more properly brought in a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g.*, *Nelson*, 541 U.S. at 643. If petitioner wants to challenge the conditions of his confinement, including claims that prison officials are preventing him from pursuing administrative remedies or grievances and subjecting him to retaliation, he may not do so in this case. Instead, he may file a separate *Bivens* action to pursue any challenge to the conditions of his confinement.[2]

**WHEREFORE**, it is

**ORDERED** that petitioner's motion for a preliminary injunction (Dkt. No. 19) is **DENIED**; and it is

**ORDERED** that the Clerk serve a copy of this decision and order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

December 16, 2016
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

---

[2] "*Bivens* created a cause of action for damages caused by unconstitutional acts of federal agents acting under color of their federal authority." *Hallock v. Bonner*, 567 F. Supp. 2d 334, 337 (N.D.N.Y. 2008); *see Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (*Bivens* causes of action must allege a deprivation of a constitutionally protected right by federal agents acting under federal authority.). For instance, *Bivens* actions may include claims that prison officials conspired or retaliated against a federal prisoner. *See Willis v. Nally*, No. 9:04-CV-1176 (DNH/RFT), 2009 WL 1044595 at *1 (N.D.N.Y. Apr. 20, 2009) (*Bivens* suit alleging, among other things, that defendant prison officials conspired to retaliate against the plaintiff by filing false incident report against him); *Mumin v. Johnson*, No. 1:07-CV-4973, 2008 WL 976268 at *3 (E.D.N.Y. Apr. 9, 2008) (liberally construing a plaintiff's claim that prison official defendants retaliated against him for filing grievances and lawsuits and violated his constitutional rights in processing his grievances under *Bivens* ("the equivalent of 42 U.S.C. § 1983 action for federal prisoners")).